UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABEL ROSARIO,<br><br>Defendant. | **INDICTMENT**<br><br>24 Cr.<br><br>**24CRIM 497** |

### COUNT ONE
**(Firearms Trafficking Conspiracy)**

The Grand Jury charges:

1. From at least in or about May 2024 through at least in or about June 2024, in the Southern District of New York and elsewhere, ABEL ROSARIO, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 933(a)(1) and (a)(2).

2. It was a part and an object of the conspiracy that ABEL ROSARIO, the defendant, and others known and unknown, would and did ship, transport, transfer, and cause to be transported, and otherwise dispose of a firearm to another person in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(1).

3. It was further a part and an object of the conspiracy that ABEL ROSARIO, the defendant, and others known and unknown, would and did receive from another person a firearm in and otherwise affecting interstate or foreign commerce, knowing and having reasonable cause

to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(2).

(Title 18, United States Code, Section 933(a)(3).)

## COUNT TWO
### (Possession of Firearms After a Felony Conviction)

The Grand Jury further charges:

4. At least on or about June 7, 2024, in the Southern District of New York and elsewhere, ABEL ROSARIO, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit, a Glock .40 caliber model 23 handgun, serial number GZH506, and an Areo Precision model M4E1 firearm, serial number M4 0069346, and the firearms were in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT THREE
### (Illegal Reentry)

The Grand Jury further charges:

5. From at least in or about May 2024 through at least on or about June 7, 2024, in the Southern District of New York and elsewhere, ABEL ROSARIO, the defendant, being an alien who has been denied admission, excluded, deported, and removed from the United States, and has departed the United States while an order of exclusion, deportation, and removal was outstanding, entered and was found in, the United States, after removal that was subsequent to a conviction for

commission of an aggravated felony, without having obtained the express consent of the Attorney General of the United States, or the Secretary for the Department of Homeland Security, to reapply for admission.

(Title 8, United States Code, Sections 1326(a) and (b)(2).)

## FORFEITURE ALLEGATIONS

6. As a result of committing the offense alleged in Count One of this Indictment, ABEL ROSARIO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 934, any property constituting, or derived from, any proceeds ROSARIO obtained, directly or indirectly, as the result of said offense; and any of ROSARIO's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

7. As a result of committing the offense alleged in Count Two of this[Indictment, ABEL ROSARIO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense, including but not limited to:

   a. a Glock .40 caliber model 23 handgun, serial number GZH506; and
   b. an Aero Precision model M4E1 firearm, serial number M4 0069346.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 934;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney